UNITED STATES FEDERAL DISTRICT COURT

DISTRICT OF COVINGTON KENTUCKY

| | | |
|---|---|---|
| **LOUISIANA COUNSELING AND FAMILY SERVICES,** | * | **CIVIL ACTION NO**. |
| **LCFS ACCESS TO ALL,** | * | 2:07-cv-134 |
| **LCFS COUNSELING, and** | | |
| **JEFFREY THORNTON, Individually** | * | |
| Plaintiffs | | |
| v. **Defendants** | * | |
| **SKYLINE CHILI RESTAURANT.** | | |
| **WAFFLE HOUSE,** | | |
| **RIVERFRONT PIZZA AND** | | |
| **JOHN DOE SHOPPING CENTER OWNER** | | |
| **OF ABOVE NAMED STORES** | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT

**I.**

1.   Plaintiffs, **LOUISIANA COUNSELING AND FAMILY SERVICES, LCFS COUNSELING, LCFS ACCESS TO ALL** and **JEFFREY THORNTON**, Individually, (sometimes referred to herein as "Plaintiff or "Plaintiffs") sue the Defendant(s) for Injunctive Relief, Attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.§ 12181, et seq, and the State Law Against Discrimination, et seq. ("ADA").

**II.**

**JURISDICTION AND VENUE**

This action arises from a violation of Title III and I of the Americans with Disabilities, 42 U.S.C. § 12181, et seq and the State Law Against Discrimination, et seq, as more fully set forth herein.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

This Court has pendant and/or ancillary jurisdiction over the Petitioners' state law claims pursuant to 28 U.S.C. § 1367(a). The Petitioners' claim is authorized by 28 U.S.C. § 2201 and § 2202 and 42 U.S.C. § 1998 and § 12188.

### III.

The property which is the subject matter of this claim is located in this judicial district and the Defendants are doing business in this judicial district and therefore Petitioners' claim is authorized by 28 U.S.C. § 1221 and § 1343 and 42 U.S.C. § 1998 and § 12188.

### PARTIES

### IV.

Plaintiff, **LOUISIANA COUNSELING AND FAMI.Y SERVICES, INC.,** herein after known as **LCFS COUNSELING**, is a private, non-profit corporation, formed under the law of Louisiana and New Jersey with a principal place of business at 300a W. Marlton Pike, Suite 105, Cherry Hill, N.J. 08002. Plaintiff, **LCFS ACCESS TO ALL**, herein after known as **ACCESS TO ALL**, is an advocacy group that is part of **LCFS COUSELING**, which advocates on the part of the disabled to access buildings and prevent employment discrimination. **ACCESS TO ALL** is located at 300a W. Marlton Pike, Suite 105, Cherry Hill, N.J. 08002. Plaintiff, **JEFFREY THORNTON**, resides at 1224 Greenups St. Covington, Kentucky 41011, is a disabled individual and a member of **ACCESS TO ALL**.

**V.**

Plaintiffs, **LCFS COUNSELING**, **ACCESS TO ALL**, and **JEFFREY THORNTON** Individually, (sometimes referred to herein as "Petitioner" or "Petitioners"), file suit herein against the Defendant(s) **RIVERFRONT PIZZA, SKYLINE CHILI RESTAURANT, WAFFLE HOUSE AND JOHN DOE SHOPPING CENTER OWNER OF ABOVE NAMED STORES** (sometimes referred to herein as "Defendant") for Injunctive Relief, Declamatory relief, Attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 D.S.C. § 12181 and § 18182 et seq. (sometimes referred to herein as "ADA").

**VI.**

**BACKGROUND**

(a)     The disabilities of certain board members of the organization **ACCESS TO ALL** include, but are not limited to, quadriplegia, hearing problems, back and leg injuries, use of wheelchairs, walkers or canes, addictions, heart problems, diabetes, respiratory problems, cancer, stroke and other crippling neurological, muscular and mental disorders.  This organization's purpose is to represent its board members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its board members are not discriminated against by not being to park or use public transportation; go to public buildings, to enter those buildings in a safe and easy manner; to purchase and or shop for prices products and or services in a safe and accessible manner and to use the rest rooms

as an employee and customer, pursuant to 42 D.S.C.§ 1218 (7) and 28 C.F.R § 36.104, 42 D.S.C. and 28 C.F.R. §36.104, 42 D.S.C. § 12191 et seq.

(b)     Our Plaintiff, **JEFFREY THORNTON**, represents all of our many board members of **ACCESS TO ALL**.  Our purpose was not to stress, by going to court, our more seriously disabled men and women who are also represented in this ADA lawsuit as members of **ACCESS TO ALL and select a more mobile disabled person to verify violations**.

(c)     **ACCESS TO ALL** members have suffered and will continue to suffer and be exposed to injury and stress because of the Defendant(s) unsafe and dangerous conditions as defined by the ADA.

(d)     Petitioner, **JEFFREY THORNTON**, is an Kentucky Resident and qualifies as an individual with disabilities as defined by the ADA.  **JEFFREY THORNTON** has visited the property, as well as have other board members, which forms the basis of this lawsuit. Furthermore, our disabled members plans to return to the property, as well as other board members, to available himself/herself of the goods and the services offered to the public at the property and also to assure himself/herself that this property is in compliance with the ADA. This is to assure that the plaintiff and other **ACCESS TO ALL** members similarly situated will have full and equal enjoyment of the property without fear of injury and discrimination due to not being able to enter the property in a safe and easy manner as defined by the ADA and the State laws.

## VII.

## AGAINST DISCRIMINATION OF DISABLED PEOPLE

4

Petitioners have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant(s).

**VIII.**

Defendant(s), own; or lease; or lease to; or operate a place of public accommodation as defined by the ADA and regulations implementing the ADA, 28 CFR § 36.201 (a) and § 36.104.  Defendant(s) are responsible for complying with the obligations of the ADA.  Each store owner and tenant must comply with all ADA regulations 28 CFR § 36.201 (b).

**IX.**

**FIRST CAUSE OF ACTION (RIVERFRONT PIZZA violation of ADA)**

(1) Plaintiff(s) repeat the allegation state above as if set forth at length herein.

(2) The State Law Against Discrimination prohibits discrimination against a person with a "handicap" which is defined as a physical disability, infirmity, malformation or disfigurement or any mental, psychological or developmental disability, as well as AIDS and HIV infection.

(3) For the reasons previously stated, Defendant(s) **RIVERFRONT PIZZA** has violated the ADA and in so doing has also violated the state discrimination statutes.

(4) The property located at 617 w Third St. Covington, KY 41005 is in violation of title I and III and is a place of public accommodation and containing places of accommodation, is not accessible to persons with disabilities in violation of the state discrimination statutes.  Such inaccessibility includes, but is not limited to, the following:

 (a) The mirror in the restroom is the wrong size for all disabled people to see it. This is in

violation of 28 CFR Part 36-36.304 and Section 4.19.6 of the ADAAG.

(b) There are no proper emergency flashing lights and alarm sound. This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG. A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

(c)     Door to the restroom has a round handle. This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG. An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

(d)     There is no disabled accessible sign or wrong type on the restroom door. This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of the ADAAG.

(e) The front door pull weight is more than 5 pounds. People in wheelchairs find it difficult to open doors with a pull pressure of more than 5 pounds. The excessive door pull weight is in violation of 28 CFR Part 36-36.304 and Section 4.13.11 of the ADAAG.

(f) The sink pipes are not covered. Exposed pipes must be covered to protect against contact.
Exposed pipes are a violation of 28 CFR Part 36-36.304 and Section 4.19.4 of the ADAAG.

(g) There are no grab bars by the toilet seat and or wrong size. This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.

## X.

## SECOND CAUSE OF ACTION (SKYLINE CHILI RESTAURANT violation of ADA)

(1) Plaintiff(s) repeat the allegation state above as if set forth at length herein.

(2) The State Law Against Discrimination prohibits discrimination against a person with a "handicap" which is defined as a physical disability, infirmity, malformation or disfigurement or any mental, psychological or developmental disability, as well as AIDS and HIV infection.

(3) For the reasons previously stated, Defendant(s) **SKYLINE CHILI RESTAURANT** has violated the ADA and in so doing has also violated the state discrimination statutes.

(4) The property located at 617 West Third Street, Suite 1, Covington, Kentucky 41005, a place of public accommodation and containing places of accommodation, is not accessible to persons with disabilities in violation of the state discrimination statutes. Such inaccessibility includes, but is not limited to, the following:

   (a)   There are no grab bars by the toilet seat and or wrong size. This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.

   (b)   The sink pipes are not covered. Exposed pipes must be covered to protect against contact. Exposed pipes are a violation of 28 CFR Part 36-36.304 and Section 4.19.4 of the ADAAG.

   (c)   The mirror in the restroom is the wrong size for all disabled people to see it. This is in violation of 28 CFR Part 36-36.304 and Section 4.19.6 of the ADAAG.

   (d)   Door to the restroom has a round handle. This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG. An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

   (e)   There is no disabled accessible sign or wrong type of sign on the restroom door. This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of the ADAAG.

(f)     There are no proper emergency flashing lights and alarm sound. This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG. A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

## XI.

### THIRD CAUSE OF ACTION (WAFFLE HOUSE violation of ADA)

(1) Plaintiff(s) repeat the allegation state above as if set forth at length herein.

(2) The State Law Against Discrimination prohibits discrimination against a person with a "handicap" which is defined as a physical disability, infirmity, malformation or disfigurement or any mental, psychological or developmental disability, as well as AIDS and HIV infection.

(3) For the reasons previously stated, Defendant(s) **WAFFLE HOUSE** has violated the ADA and in so doing has also violated the state discrimination statutes.

(4) The property located at 311 Philadelphia St. Covington, KY 41005, a place of public accommodation and containing places of accommodation, is not accessible to persons with disabilities in violation of the state discrimination statutes.  Such inaccessibility includes, but is not limited to, the following:

   (a)    There are no grab bars by the toilet seat and or wrong size. This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.

   (b)    The mirror in the restroom is the wrong size for all disabled people to see it. This is in violation of 28 CFR Part 36-36.304 and Section 4.19.6 of the ADAAG.

(c) Door to the restroom has a round handle. This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG. An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

(d) There is no disabled accessible sign or wrong type of sign on the restroom door. This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of the ADAAG.

(e) There are no proper emergency flashing lights and alarm sound. This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG. A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

(f) The front door pull weight is more than 5 pounds. People in wheelchairs find it very difficult to open doors with a pull pressure of more than 5 pounds. The excessive door pull weight is in violation of 28 CFR Part 36-36.304 and Section 4.13.11 of the ADAAG.

## XII

### FOURTH CAUSE OF ACTION (OWNER OF JOHN DOE SHOPPING CENTER WITH THE ABOVE NAMED STORES(cause 1,2,3) violation of ADA)

(1) Plaintiff(s) repeat the allegation state above as if set forth at length herein.

(2) The State Law Against Discrimination prohibits discrimination against a person with a "handicap" which is defined as a physical disability, infirmity, malformation or disfigurement or any mental, psychological or developmental disability, as well as AIDS and HIV infection.

(3) For the reasons previously stated, Defendant(s) **OWNER OF JOHN DOE SHOPPING CENTER WITH THE ABOVE NAMED STORES(cause 1,2,3)** has violated the ADA and in so doing has also violated the state discrimination statutes.

(4) The property located at RIVERFRONT PIZZA 617 W THIRD ST. SKYLINE CHILI RESTAURANT 617 WEST THIRD STREET, SUITE 1, COVINGTON, KY 41005 AND WAFFLE HOUSE 311 PHILADELPHIA ST.COVINGTON KY 41005, a place of public accommodation and containing places of accommodation, is not accessible to persons with disabilities in violation of the state discrimination statutes. Such inaccessibility includes, but is not limited to, the following:

(a) Parking signs are no standing sign in front of each disabled parking space or faded on ground and or standing sign in front of parking space and not in good repair. This is a violation for your customers and current and future employees, of 4.6.4 and 4.30.1. ADA code of Federal regulations, 28 CFR part 36.

(b) There is no access aisle or it is too small or not clearly marked. This is a violation for your customers and current and future employees, of section 4.1.1(1) and 4.1.2(5).

(c) There is no pathway or the pathway is not marked from the disabled parking space(s) to the ramp. This is in violation of 28 CFR Part 36-36.304 and Section 4.3.2 of the ADAAG.

(d)Ramp markings are faded on ground or not marked clearly and not in good repair. This is a violation for your customers and current and future employees, of 4.6.4 and 4.30.1. ADA code of Federal regulations, 28 CFR part 36.

(e)There is no van accessible parking space with the required width of 8’ for parking. This is a violation of Sections 4.1.2(5)(a-b) and 4.6.3 of the ADAAG.

(f)There is not a van accessible sign at the front of the parking space. This is in violation of 28 CFR Part 36-36.304 and Sections 4.6.4, 4.30.6 and 4.30.7 of the ADAAG.

## XIII.

## INJUNCTIVE RELIEF

(1) Because the Plaintiff(s) will continue to experience unlawful discrimination as a result of the Defendant(s)' failure to comply with the ADA and state laws against discrimination of the disabled, injunctive relief is necessary to order the Defendants to modify and make their facilities readily accessible to, and usable by, persons with disabilities. Moreover, there are reasonable grounds to believe that the Defendant(s) will continue to engage in acts and practices prohibited to Title III and I of the ADA.

(2) the Plaintiff, LCFS Counseling., has spent a tremendous amount of time, money and effort to research all ADA violations in this matter. LCFS Counseling further did extensive research into how the Defendant(s) could correct these ADA violations in a cost effective and readily achievable manner.  Extensive research was also done to supply the contractors with architectural drawings of the property to correct all ADA violations.

(3) Louisiana Counseling and Family Services, LCFS Counseling, our co-plaintiff, our board members, all Access to All members, our volunteers, our disabled advocates, our inspectors and our lawyers are all very sensitive to any attempt by the Defendant(s), or their family, friends or agents, to intimidate, retaliate, punish or coerce anyone who is part

of bringing the ADA lawsuit. The ADA, the Department of Justice and the State Attorney General's Office also takes any intimidation very seriously. (Section 36.206(4) ADA).

## XIV.

## DECLARATORY RELIEF

(1) Plaintiffs are also entitled to a declaratory judgment concerning each of the Defendant(s)' violations of the ADA and State regulations, specifying the rights of the Plaintiffs with respect to the Defendant(s)' public accommodations, facilities, goods and services.

## XV.

## ATTORNEY'S FEES AND COSTS

(1) In order to enforce their rights under the ADA, the Plaintiffs have incurred and are entitled to attorney's fees, costs, all expenses, which include but are not limited to, report research, settlement talks and writing letters and hiring expert witnesses including all transportation and lodging with these expert witnesses. (28 CFR § 36.505).

## XVI.

## PRAYER FOR RELIEF

**THEREFORE**, the Plaintiffs request that the court:

**a.** Issue a permanent injunction, requiring that the Defendants, its principles, agents, servants, and employees and all persons in active concert with the Defendant(s), to make all necessary modifications to eliminate barriers that prevent access by Petitioner and other persons with disabilities to Defendant(s)' public accommodations, facilities, goods and services and

enjoining them from violating the ADA and from discriminating against the petitioner in violation of the ADA.

**b.** Issue a permanent injunction, requiring the Defendant(s), their principles, agents, servants, and employees and all persons in active concert with the Defendant(s) to make all necessary modifications to eliminate barriers that prevent access to Petitioner and other persons with disabilities to Defendant(s)' public accommodations, facilities, goods, and services and enjoining them form violating the ADA statues and State statues defending the rights of all disabled people to have equal access to all public buildings.

**c.** Enter a declaratory judgment, specifying the Defendant(s)' ADA violations and declaring the rights of the Petitioner, as to the Defendant(s)' public accommodations, facilities, goods , and services.  If violations are not corrected within 30 days the state fire marshal's office will be contacted to ensure a quick correction of all ADA violations and state statutes against discrimination and the state on fire marshal's codes and regulations.

**d.** Enter a declaratory judgment, specifying that the Plaintiff's Americans with Disabilities rights have been violated and all ADA violations must be corrected immediately in order for the Plaintiffs and all members of **ACCESS TO ALL** to be able to use the Defendant(s)' public accommodations, facilities, goods and services.

**e.** Find that the Plaintiff(s) are the prevailing parties in this case and award attorney's fees, costs, expenses and such other further relief, at law or in

13

equity, to which the Plaintiff(s) justly entitled because the ADA left enforcement of its statutes to individual disabled people and/or advocacy groups that represent many disabled people. Our lawyers work very hard to keep our costs low and show each defendant how they can correct their ADA violations in a readily achievable manner and a very low cost. The only factor that can drive up our cost is this the defendants and/or their attorneys delays the settlement talks and create many documents that we must respond to. Our corporate attorney draws up the lawsuits, creates many letters and does all the state and federal research into violations of the properties and buildings that have ADA violations. This procedure lowers our cost considerably.

        Respectfully submitted:

   *s/ Jonathan Bruce*
   Jonathan M. Bruce, attorney
   Gateway Center West
   300 Madison Ave., Suite 200
   859-431-6297, fax: 859-491-3622
   Covington, KY 41011

## CERTIFICATION

I hereby certify that to the best of my information, knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that is there is no other party who should be joined in this matter to my knowledge as of the present time.

                                                *Jonathan Bruce*
                                          Jonathan M. Bruce, Attorney
                                          Gateway Center West
                                          300 Madison Ave., Suite 200
                                          859-431-6297, fax: 859-491-3622
                                          Covington, KY 41011